IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALFRED COATS,                          )
#159682,                               )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CASE NO. 2:25-CV-737-MHT-KFP
                                       )
ALABAMA BUREAU OF PARDONS              )
AND PAROLE, et al.,                    )
                                       )
        Defendants.                    )

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Alfred Coats, an inmate proceeding pro se and in forma pauperis, filed this

action under 42 U.S.C. § 1983. Doc. 1. Upon review of the Complaint under 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A[1], and for the reasons set forth below, the undersigned

Magistrate Judge RECOMMENDS that this case be DISMISSED prior to service of

process as time-barred and frivolous.

### I.     THE COMPLAINT

The Complaint alleges that, on various dates from June of 2021 through September

of 2022, Plaintiff was denied due process in connection with his parole revocation hearing,

which took place on February 9, 2022. Doc. 1 at 2–3. Plaintiff claims that he was innocent

of his first charge of breaking and entering a vehicle and that his second charge of

---

[1] Under these statutes, the Court is required to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

absconding was "a technical violation which by itself would likely [have] not resulted in [him] receiving a 45-day dunk in Corrections and then reinstated to Birmingham[']s D.R.C." *Id*. As relief, Plaintiff seeks for his parole to be reinstated and "any other relief this Court so justifys [sic]." *Id*. at 4. Plaintiff executed his Complaint on September 4, 2025. *Id*.

## II.    DISCUSSION

Upon review of the allegations in the Complaint, the undersigned determines that Plaintiff's claims are barred by the applicable statute of limitations. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard, Plaintiff must have brought them within two years from the date the limitations period began to run, which is generally the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996)).

Plaintiff's allegations and attached exhibits make clear that his parole revocation hearing took place on February 9, 2022, and the Hearing Officer recommended that Plaintiff's parole be revoked that same day. *See* Docs. 1, 1-1. Thus, on February 9, 2022, the facts supporting Plaintiff's cause of action were apparent or should have been apparent

to Plaintiff. However, Plaintiff did not file the instant action until September 4, 2025, more than a year and a half after the limitations period expired. As such, and because Plaintiff has provided no basis for tolling the statute of limitations, it is clear from the face of the Complaint that his § 1983 claims are time-barred and should be dismissed as frivolous. *See Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) ("The expiration of the statute of limitations warrants dismissing a complaint as frivolous.") (citing *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990)).

## III.   CONCLUSION

Because the Complaint is time-barred, the undersigned concludes that any amendment would be futile. *See Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal.") (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)); *see also Bowhall v. Dep't of Def.*, No. 2:10-CV-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

Accordingly, for the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS that this action be DISMISSED prior to service of process as time-barred and frivolous.

It is further ORDERED that, by **April 7, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc), *overruled by Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009)); *accord* 11th Cir. R. 3-1.

DONE this 24th day of March, 2026.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

4